UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, | No.  2:15-cv-01100-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| TEK-MICRO LLC, a Georgia limited liability company, d/b/a TEK-MICRO.COM, et al., | |
| Defendants. | |

On January 29, 2016, the court issued a minute order dismissing defendants Luis Mena Pineda and Tek-Micro.com with prejudice, and dismissing defendant Tek-Micro LLC without prejudice.  ECF No. 29.  Upon reconsideration and on its own motion, the court hereby VACATES the court's January 29, 2016 order and REOPENS the case to make the following orders in its place.

I.     BACKGROUND

On December 2, 2015, the parties filed a joint notice of settlement.  ECF No. 20. In the notice, defendant Luis Mena Pineda signed on behalf of himself, d/b/a Tek-Micro.com, and Tek-Micro.com, a business of unknown classification.  *Id.*  Mr. Pineda is proceeding *in pro per* and is not licensed to practice within this district.  Defendants Tek-Micro LLC and Tek-

1

1   Micro.com are not represented by counsel.  A corporate party or unincorporated association may

2   not proceed without representation by counsel, and the court can dismiss an action if a corporate

3   representative is not a licensed attorney.  *McGowan v. Boek*, 402 F. App'x 287, 288 (9th Cir.

4   2010).  Accordingly, on January 19, 2016, the court ordered the parties to show cause why Tek-

5   Micro LLC and Tek-Micro.com should not be dismissed.  ECF No. 25.

6           On January 25, 2016, plaintiff requested that the court enter a stipulated permanent

7   injunction.  ECF No. 26.  Mr. Pineda signed on behalf of himself, "an individual, d/b/a TEK-

8   MICRO.COM," and on behalf of "TEK-MICRO.COM, a business of unknown classification."

9   *Id.*  On January 26, 2016, plaintiff requested that the court dismiss Mr. Pineda, an individual and

10  d/b/a Tek-Micro.com, and Tek-Micro.com, a business of unknown classification, with prejudice,

11  upon entering an order granting the stipulated permanent injunction.  ECF No. 27.  Plaintiff also

12  requested that the court dismiss defendant Tek-Micro LLC, a Georgia limited liability, without

13  prejudice, and that the action be dismissed as provided by Federal Rule of Civil Procedure 41(a).

14  *Id.*  Also on January 26, 2016, plaintiff responded to the court's January 19, 2016 order to show

15  cause.  ECF No. 28.  In its response, plaintiff informed the court that Mr. Pineda entered into the

16  settlement agreement and related stipulated injunction as both an individual and as Tek-

17  Micro.com, acknowledging that he does business under that fictitious name.  *Id.*  As a result,

18  plaintiff believes Tek-Micro.com, a business of unknown classification, is not a corporation or

19  other unincorporated association and does not require the representation of counsel.  *Id.*  Tek-

20  Micro.com, a business of unknown classification, has not responded to the complaint or otherwise

21  appeared in this action.

22  II.      JANUARY 19, 2016 ORDER TO SHOW CAUSE

23          Having considered plaintiff's response (ECF No. 28), and good cause appearing,

24  the court's January 19, 2016 order to show cause (ECF No. 25) is DISCHARGED.

25  III.     STIPULATED PERMANENT INJUNCTION

26          Having considered the parties' stipulated permanent injunction (ECF No. 27), the

27  court GRANTS the stipulated permanent injunction with respect to Mr. Pineda, an individual and

28  d/b/a Tek-Micro.com.  Because the court cannot determine based on the record whether Tek-

2

Micro.com, a business of unknown classification, is a corporation or other unincorporated

association requiring the representation of counsel, the court DENIES the stipulated permanent

injunction with respect to Tek-Micro.com, a business of unknown classification.  If Tek-

Micro.com, a business of unknown classification, is in fact Mr. Pineda doing business under a

fictitious name, the permanent injunction contained herein will also have the effect of enjoining

Mr. Pineda from infringing plaintiff's marks under the fictitious name of Tek-Micro.com.

        For the foregoing reasons, IT IS HEREBY ORDERED that defendant Luis Mena

Pineda, an individual, and d/b/a Tek-Micro.com ("Defendant"), along with his agents, servants,

employees, representatives, successors and assigns, and all those persons or entities acting in

concert or participation with Defendant shall be and hereby are PERMANENTLY ENJOINED

and restrained from:

        (a)    imitating, copying, or making any other infringing use or infringing

distribution of software programs, components, end user license agreements ("EULA") or items

protected by Microsoft's registered trademarks and service mark, including, but not limited to, the

following Trademark Registration Nos.:

        (1)    1,200,236 ("MICROSOFT");

        (2)    1,256,083 ("MICROSOFT");

        (3)    1,872,264 ("WINDOWS");

        (4)    3,625,391 ("MICROSOFT OFFICE");

        (5)    4,459,826 (OFFICE 2012 DESIGN);

        (6)    3,238,869 ("ACCESS");

        (7)    4,365,955 (ACCESS LAUNCH ICON);

        (8)    2,942,050 ("EXCEL");

        (9)    4,355,451  (EXCEL LAUNCH ICON);

        (10)    2,844,710 ("ONENOTE");

        (11)    4,351,584 (ONENOTE LAUNCH ICON);

        (12)    2,188,125 ("OUTLOOK");

        (13)    4,355,446 (OUTLOOK LAUNCH ICON);

1        (14)    1,475,795 ("POWERPOINT");

2        (15)    4,385,388 (POWERPOINT LAUNCH  ICON);

3        (16)    4,355,448 (PUBLISHER LAUNCH ICON);

4        (17)    4,355,444 (WORD LAUNCH ICON);

5 or the software programs, components, EULA, items or things protected by the following

6 Certificate of Copyright Registration No.:

7        (1)    TX 7-009-361 ("Windows 7");

8        (2)    TX 7-649-882 ("Office 2013");

9        (3)    TX 7-674-730 ("Word 2013");

10       (4)    TX 7-751-917 ("Excel 2013");

11       (5)    TX 7-751-911 ("PowerPoint 2013");

12       (6)    TX 7-751-910 ("OneNote 2013");

13       (7)    TX 7-700-066 ("Outlook 2013");

14       (8)    TX 7-674-731 ("Publisher 2013");

15       (9)    TX 7-751-913 ("Access 2013");

16 and any other works now or hereafter protected by any of Microsoft's trademarks or copyrights;

17        (b)    manufacturing, assembling, producing, distributing, offering for

18 distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying

19 any software program, component, EULA, item or thing bearing any simulation, reproduction,

20 counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks or service

21 mark, including, but not limited to, the Trademark and Service Mark Registration Nos. listed in

22 Paragraph (a) above;

23        (c)    using any simulation, reproduction, counterfeit, copy, or colorable

24 imitation of Microsoft's registered trademarks or service mark including, but not limited to, the

25 Trademark and Service Mark Registration Nos. listed in Paragraph (a) above, in connection with

26 the manufacture, distribution, offering for distribution, sale, offering for sale, advertisement,

27 promotion, or display of any software, component, EULA, item or thing not authorized or

28 licensed by Microsoft;

4

1    (d)    using any false designation of origin or false description which can or is

2    likely to lead the trade or public or individuals erroneously to believe that any software,

3    component, EULA, item, or thing has been manufactured, produced, distributed, offered for

4    distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or

5    for Microsoft, when such is in fact not true;

6    (e)    engaging in any other activity constituting an illegal distribution of any

7    Microsoft software, component, EULA, COA, item, or thing and/or constituting an infringement

8    of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or

9    right to use or to exploit these trademarks, service mark, and/or copyrights or constituting any

10    illegal dilution of Microsoft's name, reputation, or goodwill; and

11    (f)    assisting, aiding, or abetting any other person or business entity in

12    engaging in or performing any of the activities referred to in paragraphs (a) through (e) above.

13    IV.    REQUEST FOR DISMISSAL

14    In light of plaintiff's request for dismissal (ECF No. 27) and good cause appearing,

15    the court DISMISSES Mr. Pineda, an individual and d/b/a Tek-Micro.com, with prejudice, and

16    DISMISSES Tek-Micro LLC, a Georgia Limited Liability Company, without prejudice.

17    V.    CONCLUSION

18    In sum, the court makes the following orders:

19    (1)    The court's January 29, 2016 Minute Order (ECF No. 29) is VACATED

20    and the case is REOPENED for the purpose of issuing the orders contained herein.

21    (2)    The court's January 19, 2016 Order to Show Cause (ECF No. 25) is

22    DISCHARGED.

23    (3)    The court GRANTS the stipulated permanent injunction (ECF No. 26) with

24    respect to Mr. Pineda, an individual and d/b/a Tek-Micro.com, but DENIES the stipulated

25    permanent injunction with respect to Tek-Micro.com, a business of unknown classification.

26    (4)    The court DISMISSES defendant Pineda, an individual and d/b/a Tek-

27    Micro.com, with prejudice.

28

5

1              (5)     The court DISMISSES defendant Tek-Micro LLC, a Georgia Limited

2   Liability Company, without prejudice.

3              (6)     This action is now CLOSED.

4      **IT IS SO ORDERED.**

5   DATED:  February 8, 2016.

                                           UNITED STATES DISTRICT JUDGE

6